United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 04-20280
Conference Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HUMBERTO MACIAS-LUNA,

Defendant-Appellant.

---

Consolidated with
No. 04-20295

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HUMBERTO MACIAS-LUNA, also known as Humberto Luna Macias,
also known as Humberto Macias Luna, also known as Juan
Becker,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-298-ALL
USDC No. 4:03-CR-478-ALL
--------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

In this consolidated appeal, Humberto Macias-Luna appeals his guilty-plea conviction for illegal reentry following deportation (No. 04-20280) and the revocation of his supervised release on a charge of illegal reentry (No. 04-20295). He argues, pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are elements of the offense, not sentence enhancements, making those provisions unconstitutional. He concedes that this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), and he raises it for possible review by the Supreme Court.

This argument is foreclosed by Almendarez-Torres, 523 U.S. at 235. We must follow the precedent set forth in Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000) (internal quotation and citation omitted).

Macias-Luna argues that if the court grants his requested relief and vacates and remands for resentencing, the court should also remand the district court's revocation of his supervised release for reconsideration in the light of the reduced

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

seriousness of the illegal-reentry offense. Macias-Luna does not brief any argument concerning how or why any potential reduction in his sentence stemming from his conviction for illegal reentry following deportation would have any bearing on the sentence the district court imposed upon revocation of his supervised release. He therefore has abandoned his appeal from the revocation of his supervised release. United States v. Valdiosera-Godinez, 932 F.2d 1093, 1099 (5th Cir. 1991).

AFFIRMED.